IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CWTM CORPORATION d/b/a | § | |
| C & W EXPORTS, L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2857 |
| | § | |
| AM GENERAL L.L.C. and | § | |
| SCORPION, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER ON ATTORNEYS' FEES AND PREJUDGMENT INTEREST

Pending are the submissions and affidavits filed by Plaintiff CWTM Corporation d/b/a C & W Exports, L.C. in support of its request for attorneys' fees, to which Defendant AM General L.L.C. has filed a brief and supporting affidavits in opposition to the amount claimed by Plaintiff.  Also pending are Plaintiff's Motion to Strike Defendant's Untimely Filed Brief on Attorney's Fees (Document No. 96), and Plaintiff's Motion to Strike Affidavits of Undesignated Experts Augustus T. White and Charles B. Kirklin (Document No. 99), to which Defendant has submitted its responses.[1]

---

[1] After careful consideration, Plaintiff's Motion to Strike Defendant's Untimely Filed Brief on Attorney's Fees (Document No. 96) is DENIED because the brief was timely filed. *See* FED. R. CIV. P. 6(a), (e).  Plaintiff's Motion to Strike Affidavits of Undesignated Experts Augustus T. White and Charles B. Kirklin (Document No. 99) is DENIED because Defendant had substantial justification for failing to designate the rebuttal experts, whose testimony was not reasonably anticipated until May 4, 2006, when Defendant received Plaintiff's affidavits and learned of the

The Court previously found that Plaintiff, by reason of prevailing in its quantum meruit action and recovering damages in the amount of $300,000.00, is entitled also to recover reasonable and necessary attorneys' fees.  Plaintiff seeks $309,000.00, and Defendant contends that the award should be no more than $82,400.00.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).  Under Texas law, reasonable attorney's fees are recoverable in a quantum meruit claim based on the rendering of services, performing labor, or furnishing materials.  *See* Weitzul Const., Inc. v. Outdoor Environs, 849 S.W.2d 359, 366 (Tex. App.--Dallas 1993, writ denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001(1), (2) & (3)). The Texas Civil Practice and Remedies Code provides a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (Vernon 1997).  "In a proceeding before the court, the judge may take judicial notice of reasonable and customary fees, along with the case file." Fluorine On Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 866-67 (5th Cir. 2004) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.004).

The factors to consider in determining the reasonableness of a fee under Texas law include: (1) the time and labor required, the

---

"complete absence of contemporaneous time records" to support Plaintiff's fee request.  *See* FED. R. CIV. P. 37(c)(1).

novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997). The Court has considered these factors and, as the trial judge who prepared extensive findings of fact and conclusions of law after a bench trial, the Court is also well acquainted with the case and the questions involved.

This case originally involved 15 causes of action and two co-defendants. After one co-defendant and many claims were dismissed, the case was tried to the bench on three quasi-contract theories, and Plaintiff ultimately prevailed in its quantum meruit claim. Plaintiff's claims of damages were far greater than those upon which it prevailed. Plaintiff's two counsel--sole practitioners who represented Plaintiff under a 40% contingency fee contract--

3

seek compensation for 1,030 hours of attorney time billed at $300 per hour.  Plaintiff employed no paralegals or secretaries in any aspect of this case.  Plaintiff's counsel did not maintain formal billing records, and they have submitted *no* billing records or similar documentation to show the type of legal work performed, the hours expended, the attorneys involved, and the dates on which the work was done.  Nonetheless, Plaintiff's counsel contend that the hourly estimate fairly reflects the time expended in this four-year, complex commercial litigation case, where "[t]he document-oriented nature of Plaintiff's case and the extremely vigorous and at times repetitive nature of Defendants' motion practice required [Plaintiff's counsel] to work many more hours than anticipated in order to prevail on the merits."  *See* Document No. 91 at 4. Plaintiff's counsel contend that a $300 hourly rate is reasonable and customary in Harris County for attorneys of their reputation and litigation experience of 31 years and 25 years, respectively. Plaintiff's counsel purports to have segregated the 30 hours spent on procedural motions against dismissed co-defendant Scorpion, and counsel submits that the time expended on the 14 unsuccessful claims against AM General cannot be segregated because they are "dependent upon the same set of facts and circumstances" as the successful quantum meruit claim.

Defendant disputes both the claimed time and the proposed hourly rate.  The 1,030 hours of claimed time is excessive,

4

Defendant argues, because Plaintiff's counsel did not exercise sufficient billing judgment by distinguishing between legal work and clerical work that could have been handled by non-lawyers, and by reducing the duplicate time of one attorney who was less involved in the case and performed more "monitoring" work. Although the case lasted nearly four years, Defendant argues it was a "fairly discrete" matter, with only eight depositions taken, six hearings held, and a bench trial that lasted two days.  Defendant argues that Plaintiff failed to segregate the non-productive time spent prosecuting Scorpion and pursuing the 14 dismissed claims. In any event, Defendant notes, Plaintiff's claimed time "is impossible to verify given that it submitted no records to support the number of hours expended."

Defendant also contests the proposed $300 hourly rate.  While Plaintiff has submitted no affidavits from outside practitioners to support their requested rate, Defendant presents the affidavits of two experienced Houston litigators who submit that $200 per hour--the rate they charge for hourly work and when recovering attorney's fees--is reasonable for this type of work. *See* Document No. 95 exs. B, C.  Augustus T. White ("White"), a sole practitioner with 25 years of litigation experience, avers that a general rate adjustment must be made to reflect the practice of a sole practitioner, who has low overhead expenses and who is required to perform all tasks, from clerical and paralegal work, to associate-

and partner-level work.  Id. ex. B at 3, 5.  Comparatively,
Defendant employed a mid-sized downtown Houston law firm, where the
average hourly rate of all attorneys working on the case file was
$198.60, and the average hourly rate for Defendant's primary
attorney--a partner with 13 years of experience--was $218.  Id.
ex. A ¶ 18.

Defendant expended approximately 800 hours defending the case,
with 607 hours in attorney time and 191 hours in paralegal time.
Approximately 28% of this time was spent in successfully defending
Scorpion, which would indicate that Defendant's counsel spent
approximately 437 hours, plus 136 hours of paralegal time, in
defending the case against AM General.  This total of 575 hours of
combined attorney/paralegal time provides a reasonable benchmark
from which to estimate the time expended on the successful portion
of the case by Plaintiff's counsel, who kept no time records.  The
Court finds that given the novelty and difficulty of the questions
involved, and the skill required to prosecute this case for
Plaintiff, approximately 600 hours would have been reasonably
required.  The Court further finds that, inasmuch as Plaintiff's
counsel had no secretarial or paralegal help and therefore expended
attorney time on whatever the task was, however small or
administrative in nature, the hourly rate customarily charged by an
experienced lawyer under these circumstances would not exceed $200
per hour.  In addition to the time and labor required, and the fee

customarily charged, the Court has also considered the other Andersen factors. There is no evidence that acceptance of this employment precluded other lucrative employment by Plaintiff's counsel; Plaintiff is to recover from Defendant $300,000, which is more than one-half of the sum for which Plaintiff argued, but far less than the $3 million once sought on a tort theory that was adjudged in Defendant's favor on summary judgment; Plaintiff's attorneys were not required to furnish their services under unusual time con-straints that would merit more generous compensation; Plaintiff's lead counsel had no prior acquaintance with Plaintiff, although his second-chair lawyer had a long time but otherwise undefined professional relationship with one of Plaintiff's principals; and the experience, reputations and abilities of the lawyers who performed the services rank within the broad mainstream of good Texas lawyers.   In sum, nothing stands out to merit a higher than usual fee.   The Court also observes that Plaintiff's counsel accepted the case on a 40% contingency fee agreement which, with a $300,000 recovery, would entitle counsel to attorneys' fees of $120,000.  As it happens, this is the same approximate sum that the Court determines is justified by application of the lodestar formula described above, with 600 hours at $200 per hour, yielding $120,000.  Accordingly, the Court finds that Plaintiff is entitled to recover from Defendant reasonable and necessary attorneys' fees

in the total amount of $120,000 for services rendered in Plaintiff's successful prosecution of this case.

The parties have agreed and the Court finds that if Plaintiff successfully defends an appeal of this case to the United States Court of Appeals for the Fifth Circuit, Plaintiff will be entitled to an additional $15,000 in attorneys' fees.

Plaintiff is entitled to recover pre-judgment interest under Texas law at the rate of 8% per annum[2] on $300,000.00 from May 30, 2002, to the date of this Order, in the amount of $97,906.85.

Based on the Second Amended Findings of Fact and Conclusions of Law signed this day, and the findings on attorneys' fees and prejudgment interest set forth in this Order, Plaintiff is entitled to entry of a Final Judgment against Defendant for $300,000 in damages, $120,000 in reasonable attorney's fees, and $97,906.85 in prejudgment interest, for a total Final Judgment of $517,906.85, plus $15,000 additional attorneys' fees if Plaintiff successfully defends an appeal of this case to the United States Court of

---

[2] The parties have agreed that 8% is the current rate of prejudgment interest determined by the Texas Consumer Credit Commissioner in accordance with TEX. FIN. CODE ANN. § 304.003 (Vernon Supp. 2005).

Appeals for the Fifth Circuit, plus costs of court and post-judgment interest as provided by law.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 28th day of June, 2006.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

9